UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DIANNE O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05CV47 TIA |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Presently pending before the Court are Defendant Correctional Medical Services' Motion to Dismiss (filed August 17, 2005/Docket No. 10), and Plaintiff Dianne O'Neal's "Motion to Disregard Defendants Motion to Dismiss" (filed September 6, 2005/Docket No. 12).

Defendant Correctional Medical Services has filed a motion to dismiss alleging that Plaintiff did not exhaust her available administrative remedies and thus dismissal of the underlying action is mandatory. Plaintiff has responded to Defendant's motion.

### Exhaustion of Administrative Remedies

Under 42 U.S.C. §1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Exhaustion is an affirmative defense which must be proved by defendant and need not be pleaded by plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam);

Foulk, 262 F.3d at 697.

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). When multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk, 262 F.3d at 697. The underlying principle of the 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001).

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request ("IRR") within fifteen days of the incident. A response from prison officials is due thirty days later. Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. Another response from the prison is due thirty days later. Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within five working days of the response. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he may file a second appeal. Smith v. Stubblefield, 30 F. Supp.2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after step three of the process, completion of the first appeal. Id.

Defendant admits that although Plaintiff filed grievance WERDCC 03-326, Plaintiff failed to appeal the decision denying her grievance and thus never fully exhausted her administrative remedies as required by the PLRA. The record is devoid of any evidence showing that Plaintiff filed an appeal

to the decision denying her grievance WERDCC 03-326. Thus, dismissal without prejudice is merited because Plaintiff has failed to show that she exhausted her administrative remedies as to her claim regarding a medication error. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Correctional Medical Services' Motion to Dismiss (filed August 17, 2005/Docket No. 10) is **GRANTED** for the reasons set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff Dianne O'Neal's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Dianne O'Neal's "Motion to Disregard Defendants Motion to Dismiss" (filed September 6, 2005/Docket No. 12) is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 20th day of October, 2005.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE